1  Mark L. Venardi (SBN 173140)
   mvenardi@vefirm.com
2  Jamie V. Retmier (SBN 308060)
   jretmier@vefirm.com
3  VENARDI ZURADA LLP
   700 Ygnacio Valley Road, Suite 300
4  Walnut Creek, California  94596
   Telephone: (925) 937-3900
5  Facsimile: (925) 937-3905

6  Attorneys for Plaintiff
   CAROL OZUNA

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  CAROL OZUNA, an individual,           Case No.

12                    Plaintiff,          **COMPLAINT FOR PROFESSIONAL
                                          (MEDICAL) NEGLIGENCE AND
13       vs.                              DEMAND FOR JURY TRIAL**

14  UNITED STATES OF AMERICA; and
15  DOES 1-30, inclusive,

16                    Defendants.

17

18

19

20       Plaintiff CAROL OZUNA, who for causes of action against the Defendants, and each of

21  them, including DOES 1 through 30, inclusive, alleges as follows:

                         **GENERAL ALLEGATIONS**
22
         1.       Plaintiff CAROL OZUNA ("Plaintiff" or "Ms. Ozuna") at all material times herein
23
    resided in Contra Costa County and is suing Defendant in her individual capacity. The acts
24
    complained of herein occurred in Contra Costa County.
25
         2.       Defendant UNITED STATES OF AMERICA ("Defendant" or "United States") is the
26
    proper Defendant in this action pursuant to 42 U.S.C § 233(a) and the Federal Tort Claims Act
27
    ("FTCA").
28

COMPLAINT

3.      The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 30, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names and will seek leave of Court to amend this Complaint when the same have been ascertained. Plaintiff is informed and believes, and upon such information and belief, alleges that each Defendant designated herein as a DOE was responsible, negligently or in some other actionable manner, for the events and happenings referred to herein which proximately caused injury to Plaintiff as hereinafter alleged.

4.      At all times mentioned herein Defendant ANUJA GARG, M.D., Defendant AXIS COMMUNITY HEALTH, and DOES 1 through 30, inclusive (collectively "Defendants"), and each of them, were and now are physicians and/or medical providers licensed by the State of California to practice in said State.

5.      At all times mentioned herein, Defendants, and each of them, were business entities, doctors, nurses, attendants, employees, assistants, or consultants.

6.      At all times herein mentioned, Defendants, and each of them, were the practitioners, owners, operators, supervisors, managers, possessors, lessors, lessees, or custodians of the medical care provider facilities at issue in this case.  Defendants, and each of them, were and now are a sole proprietorship, partnership, or association.

7.      At all times mentioned herein, each of the Defendants, including DOE Defendants, was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of said agency and employment. Further, each act herein described by each Defendant was accepted, approved and ratified by each of the remaining Defendants.

8.      Prior to the commencement of this action, Plaintiff filed a Complaint in the Superior 1843Court of California, County of Contra Costa, Case No. CIVMSC16-07, on September 20, 2016. Prior to the filing of her Complaint, Plaintiff was not aware that Defendants Anuja Garg, M.D. and Axis Community Health were deemed federal employees for purposes of the claims asserted against them by Plaintiff.  Upon receipt of this information Plaintiff filed a claim with the United States Department of Health ("USDH") related to her claims against Anuja Garg, M.D. and Axis Community Health. A true and accurate copy of Plaintiff's Claim to USDH is attached hereto as **Exhibit 1.**

COMPLAINT

9.      On February 15, 2017 the United States of America ("United States" or "Defendant")) removed the action to the United States District Court, Northern District of California, Oakland Division pursuant to 42 U.S.C § 233(c); case No. 17-cv-00746-KAW. On February 16, 2017 the United States filed a motion to substitute itself in place of Defendants Anuja Garg, M.D. and Axis Community Health, and dismiss Defendants Anuja Garg, M.D. and Axis Community Health pursuant to Rules 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction.

10.     On March 14, 2017 Plaintiff and Defendant filed a Joint Request for Dismissal, without prejudice, in order to allow Plaintiff to exhaust her administrative remedies before proceeding with her lawsuit against the United States.

11.     On March 15, 2017 the USDH sent correspondence to Plaintiff's counsel acknowledging Plaintiff's claims for personal injuries and requesting additional information and records from Plaintiff. The USDH also informed Plaintiff that she could consider her claim deemed denied and file suit in the appropriate U.S. District Court pursuant to 45 C.F.R. § 35.2(b) and 28 U.S.C. § 2675(a). A true and accurate copy of the March 15, 2017 correspondence from the USDH is attached hereto as **Exhibit 2**.

12.     Plaintiff submitted all requested information and records to the USDH on June 9, 2017. A true and accurate copy of Plaintiff's response to USDH is attached hereto as **Exhibit 3**. The six-month deadline for the USDH to respond to Plaintiff's claim was therefore December 9, 2017. To date Plaintiff has received no response from the USDH regarding her claims against Anuja Garg, M.D. and Axis Community Health.

**FIRST CAUSE OF ACTION**
**PROFESSIONAL (MEDICAL) NEGLIGENCE**

13.     Plaintiff incorporates each and every allegation contained in the previous paragraphs of the Complaint herein.

14.     Plaintiff was a patient of Dr. Anuja Garg, M.D. at Axis Community Health, a federally-supported health center located in Pleasanton, California, for several years for treatment of diabetes. During one of Ms. Ozuna's office visits on October 13, 2015 a nurse was directed to give medication to a patient in Room 2.  Ms. Ozuna was in Room 2 at the time.  When the nurse entered Room 2 and gave the medication to Ms. Ozuna, Ms. Ozuna questioned why it was being given to

COMPLAINT

her.  The nurse informed Ms. Ozuna "your doctor prescribed it."  Ms. Ozuna took the medication.  A few moments later the nursing staff realized that the medication they gave Ms. Ozuna was in fact intended for a different patient.  The medication given to Ms. Ozuna, clonidine, lowers blood pressure very quickly.

15.     One of the nurses at Axis Community Health put Ms. Ozuna in a different room and had her wait there for an hour and gave her water and salt water before allowing her to drive herself home.  By the time Ms. Ozuna arrived home she was so dizzy she was not able to walk.  Her family helped her to bed and she slept for approximately three (3) hours.  After waking up, Ms. Ozuna attempted to walk through her apartment and fell down, striking her head on her washing machine.  Ms. Ozuna was thereafter taken to the ValleyCare Medical Emergency Department in Pleasanton, California, and treated for head trauma and overdose symptoms from the medication wrongly administered at Axis Community Health earlier that day.

16.     At all times mentioned herein, Defendant undertook the duty to handle and control the care and treatment of Plaintiff.  Defendant thereby breached its duty of care insofar as it so negligently failed to exercise ordinary skills possessed and exercised by other hospitals, health care business, physicians and other health care professionals engaged in said profession in the same or similar locality by administering the incorrect medication to Plaintiff which caused her blood pressure to drop to dangerous levels which then caused her to fall and sustain a head injury.  This overdose of medication has caused severe and permanent injuries to Plaintiff that she will have to treat for the rest of her life.

17.     In the aforesaid handling and control of the care and treatment of Plaintiff, Defendant negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians, health care professionals and the like engaged in said profession in same or similar locality as said Defendant.

18.     As a proximate result of the improper acts of the Defendant, and each of them, Plaintiff was hurt and injured in health, strength, and activity, which will likely result in future medical treatments, and sustained injury to the body and shock and injury to her entire system and person, all of which said injuries have caused and continue to cause Plaintiff great mental and physical pain and suffering, and other damages.  By reason of said injuries, Plaintiff has sustained

1    general damages.

2        19.    As a further, direct and proximate result of the negligence of the Defendant, and each

3    of them, as aforesaid, Plaintiff was injured and damaged and compelled to and did employ the

4    services of hospitals, physicians, and the like to care for and treat Plaintiff and did incur hospital,

5    medical, professional and incidental expense. Plaintiff is informed and believes and upon such

6    information and belief alleges that Plaintiff will necessarily incur additional like expense for an

7    indefinite period of time in the future and when said amounts are ascertained, Plaintiff will seek

8    leave of Court to amend Plaintiff's Complaint and allege said amounts.

9

10                          **PRAYER FOR RELIEF**

11        WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

12        1.    For medical, hospital and other expenses according to proof;

13        2.    For general damages according to proof;

14        3.    For interest on all sums found to be due and owing, said interest accruing at the legal

     rate from the date of said incident;

15        4.    For costs of suit herein incurred;

16        5.    For attorneys' fees as allowed by law;

17        6.    For such other and further relief as the Court may deem just and proper.

18

19    Dated: March 19, 2018                    VENARDI ZURADA LLP

20

21                                            /s/ Jamie V. Retmier
                                              _____
22                                            MARK L. VENARDI
                                              JAMIE V. RETMIER
23                                            Attorneys for Plaintiff
                                              CAROL OZUNA

24

25

26

27

28

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff respectfully requests a jury trial.

3

4

Dated: March 19, 2018                               VENARDI ZURADA LLP

5

6

/s/ Jamie V. Retmier

7

MARK L. VENARDI
JAMIE V. RETMIER
Attorneys for Plaintiff
CAROL OZUNA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

**FILER'S ATTESTATION**

2      Pursuant to L.R. 5-4.3.4(2), I certify that that all other signatories listed, and on whose behalf

3  the filing is submitted, concur in this filing's content and have authorized this filing.

4                                      By:   /s/ Jamie V. Retmier

5                                            JAMIE V. RETMIER
                                             Attorneys for Plaintiff
6                                            CAROL OZUNA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# EXHIBIT 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Health and Human Services<br>Hubert H. Humphrey Building<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201 | Carol Ozuna c/o Venardi Zurada LLP<br>700 Ygnacio Valley Road, Suite 300<br>Walnut Creek, CA 94596<br>Attorneys: Mark Venardi and Jamie Retmier |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/29/1947 | Single | 10/13/2015   Tuesday | 10:30 a.m. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Please see attached.

9.                                                                 PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10.                                                        PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Please see attached.

11.                                                                    WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Please see attached. | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | 400,000.00 | | 400,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Jamie V. Retmier, Esq.* | 925-937-3900 | 10/27/2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government.  (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

| | |
|---|---|
| 15. Do you carry accident insurance? [X] Yes | If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [ ] No |

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? [ ] Yes [X] No   17. If deductible, state amount.

**Claimant's auto insurance does not cover medical malpractice claims.**

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). [X] No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the incident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  Authority:  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  Principal Purpose:  The information requested is to be used in evaluating claims.
C.  Routine Use:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  Effect of Failure to Respond:  Disclosure is voluntary.  However, failure to supply the requested information or to execute your claim may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95 REV. (2/2007) BACK**



700 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596
Office: 925.937.3900    Fax: 925.937.3905
www.vcfirm.com

VENARDI | ZURADA LLP

October 27, 2016

## ATTACHMENT TO CLAIM FOR DAMAGE, INJURY OR DEATH

Claimant, Ms. Carol Ozuna ("Ms. Ozuna") was treated by Dr. Anuja Garg, M.D. at Axis Community Health, located at 4361 Railroad, Pleasanton, CA 94566, on October 13, 2015.

During this office visit a nurse was directed to give medication to a patient in Room 2. Ms. Ozuna was in Room 2 at the time. When the nurse entered Room 2 and gave the medication to Ms. Ozuna, Ms. Ozuna questioned why it was being given to her. The nurse informed Ms. Ozuna "your doctor prescribed it." Ms. Ozuna took the medication. A few moments later the nursing staff realized that the medication they gave Ms. Ozuna was in fact intended for a different patient. The medication given to Ms. Ozuna, clonidine, lowers blood pressure very quickly. The staff at Axis Community Health put Ms. Ozuna in a different room and had her wait there for an hour and gave her water and salt water before allowing her to drive herself home. By the time Ms. Ozuna arrived home she was so dizzy she was not able to walk. Her family helped her to bed and she slept for approximately three (3) hours. After waking up, Ms. Ozuna attempted to walk through her apartment and fell down, striking her head on her washing machine. Ms. Ozuna was thereafter taken to the ValleyCare Medical Emergency Department in Pleasanton and treated for head trauma and overdose symptoms from the medication wrongly administered at Axis Community Health earlier that day.

As a result of the foregoing negligence, Ms. Ozuna sustained injuries, including, but not limited to, head trauma, heightened blood pressure which requires daily medication, extreme fatigue, dizziness, incontinence, stress, anxiety, worry and fear. Ms. Ozuna will also suffer from future treatment along with, pain, suffering, discomfort, and other damages. We approximate these damages to be in the range of $400,000.



VENARDI | ZURADA LLP

700 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596
Office: 925.937.3900   Fax: 925.937.3905
www.vefirm.com

October 27, 2016

The U.S. Department of Health & Human Services
Hubert H. Humphrey Building
200 Independence Avenue, S.W.
Washington, D.C. 20201

   Re: Representation of Carol Ozuna

To Whom It May Concern,

  This office has been retained to represent Carol Ozuna in her claims against Axis Community Health in Pleasanton, California.

  Please contact me at any time if you have any questions.

       Sincerely,

       VENARDI ZURADA LLP

       Jamie V. Retmier
       Attorney

1

# EXHIBIT 2



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division, CELB

330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201

March 15, 2017

**REFER TO:  2017-0243**

Jamie V. Retmier, Esquire
Venardi/Zurada, LLP
700 Ygnacio Valley Road, Suite 300
Walnut Creek, California 94596

RE:  Carol Ozuna

Dear Mr. Retmier:

This will acknowledge receipt of your client's claim relating to
personal injury as the result of medication given to Mrs.  Carol
Ozuna in error by an alleged employee at the Axis Community Health,
in Pleasanton, California, on October 13, 2015.  Your client's
claim was received in this office on March 8, 2017, for
consideration and reply.

The Federally Supported Health Centers Assistance Act of 1992,
Public Law No. 102-501, 42 U.S.C. § 233(g)(k), and the amended
Federally Supported Health Centers Assistance Act of 1995, Public
Law No. 104-73, 42 U.S.C. § 201, provides that the **Federal Tort
Claims Act** is the exclusive remedy for injuries, including death,
caused by **employees of a deemed Community Health Center** which
occurred on or about January 1, 1993, **or when the Health Center was
deemed eligible for coverage.**

**In order to properly evaluate your client's claim for damages,
please forward the following substantiating evidence directly to
this office, using the address listed above:**

1)  **THREE BOUND COPIES** of the complete medical
record from all non-Health Center facilities,
specifically, any and all hospital records
and records by non-Health Center providers;

- 2 -

**If the records are voluminous, they may be submitted to this office on CD, provided you send THREE COPIES of the identical CD.**

**Further, CD's must be mailed to this office via FedEx, UPS or DHL.**

2) **THREE COPIES** (may be on CD) of all pertinent **non-Health Center** radiology films; if applicable;

3) One copy of all pertinent medical bills;

4) Evidence substantiating any economic loss claimed as damages;

5) Any other evidence or information which may have a bearing on the Health Center and/or the alleged employee(s) involved for the injuries claimed;

**As all mail delivered to federal government buildings is x-rayed/radiated, and may be damaged in the process, specifically, CD's, please forward all substantiating evidence to this office via FedEx, UPS or DHL.**

Upon receipt of the above required evidence, we will proceed with the investigation into this matter. A medical review by an appropriate specialist will be performed to assess the merits of your client's claim. When the review process has been completed, you will be notified in writing. **However, should the six month statute expire before the completion of the medical review, you may consider the claim deemed denied and file suit in the appropriate U.S. District Court (45 C.F.R. § 35.2(b) and 28 U.S.C. § 2675(a)).**

Please be advised that all evidence must be furnished by the claimant within a reasonable period of time. By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her claim within **THREE MONTHS** after a request has been made, may be deemed an abandonment of the claim. Further, a claimant's failure to provide requested evidence during the administrative claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative claim. **See Swift v. United States,** 614F.2d812 (1st Cir. 1980).

- 3 -

**PLEASE NOTE THAT STATUS INFORMATION REGARDING CLAIMS IN THIS OFFICE IS UNAVAILABLE UNTIL AFTER THE SIX MONTH STATUTE EXPIRES.**

Yours truly,

Linda A. Vincent
Paralegal Specialist
Claims Office

**EXHIBIT 3**



VENARDI | ZURADA LLP

700 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596
Office: 925.937.3900   Fax: 925.937.3905
www.vefirm.com

June 9, 2017

*__Via UPS Overnight Delivery__*
Department of Health and Human Services
Office of the General Counsel
General Law Division, CELB
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201

      **Re:**    **Carol Ozuna**
              **2017-0243**

To Whom It May Concern:

Pursuant to your March 15, 2017 letter regarding my client Carol Ozuna, please find enclosed three identical CD's that include Ms. Ozuna's medical records.

Below is a summary of the incident that forms the basis for Ms. Ozuna's claim:

Ms. Ozuna was a patient at Axis Community Health in 2015. During one of Ms. Ozuna's office visits on October 13, 2015 a nurse was directed to give medication to a patient in Room 2. Ms. Ozuna was in Room 2 at the time. When the nurse entered Room 2 and gave the medication to Ms. Ozuna, Ms. Ozuna questioned why it was being given to her. The nurse informed Ms. Ozuna "your doctor prescribed it." Ms. Ozuna took the medication. A few moments later the nursing staff realized that the medication they gave Ms. Ozuna was in fact intended for a different patient. The medication given to Ms. Ozuna, clonidine, lowers blood pressure very quickly. The staff at Axis Community Health put Ms. Ozuna in a different room and had her wait there for an hour and gave her water and salt water before allowing her to drive herself home. By the time Ms. Ozuna arrived home she was so dizzy she was not able to walk. Her family helped her to bed and she slept for approximately three (3) hours. After waking up, Ms. Ozuna attempted to walk through her apartment and fell down, striking her head on her washing machine. Ms. Ozuna was thereafter taken to the ValleyCare Medical Emergency Department in Pleasanton and treated for head trauma and overdose symptoms from the medication wrongly administered at Axis Community Health earlier that day.

As a result of the foregoing negligence, Ms. Ozuna sustained injuries, including, but not limited to, head trauma, heightened blood pressure which requires daily medication, extreme fatigue, dizziness, incontinence, stress, anxiety, worry and fear. Ms. Ozuna will also suffer from future treatment along with, pain, suffering, discomfort, and other damages.

Ms. Ozuna has not incurred an exorbitant amount of our-of-pocket expenses as she is a Medi-Care member, but she now lives with daily medication she never had to take before this incident, and she still suffers from weakness and fatigue as a result of being given the incorrect medication and suffering an overdose. I have not obtained a statement from Medi-Care regarding the payments for her ER visit after the overdose, or the medications she now takes. As soon as that information has been obtained I will forward to you immediately.

Please let me know if you require any additional information to evaluate Ms. Ozuna's claims.

Very Truly Yours,

VENARDI ZURADA LLP

Jamie M. Retmier

2